UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

IN RE APPLICATION PURSUANT
TO 28 U.S.C. § 1782 FOR DISCOVERY
FROM SLAWOMIR KACZOR AND
TOMASZ ROGUCKI,
    Applicant.

Case No. 1:14-mc-44

Barrett, J.
Litkovitz, M.J.

## ORDER

This case involves the issue of whether Applicant Sebastian Stygar (Stygar) may conduct discovery on Slawomir Kaczor (Kaczor) and Tomasz Rogucki (Rogucki), residents of Poland, in connection with pending and anticipated lawsuits in Poland. This matter is before the Court on Stygar's ex parte application and supporting memorandum for an order pursuant to 28 U.S.C. § 1782 to conduct discovery on Kaczor and Rogucki for use in foreign proceedings (Doc. 1; Doc. 1-2). For the reasons that follow, the application is denied.

**I. Background**

Stygar filed this "emergency" ex parte application on August 20, 2014, for leave to serve subpoenas on Kaczor and Rogucki. Stygar represents that he, along with Kaczor and Rogucki, are primary shareholders and managing board members in several limited liability companies referred to collectively as the Lingaro Entities.[1] (Doc. 1 at 5). Stygar asserts that: he was "frozen out" of his management role with the Lingaro Entities; his share of the entities was wrongfully devalued; and that unlawful non-compete provisions were enacted to prevent him from competing with the Lingaro Entities. (*Id.* at 3, 5-6). Stygar filed several lawsuits in Poland (the Polish Proceedings) naming the Lingaro Entities as defendants; Stygar anticipates seeking injunctive relief against the Lingaro Entities and their dissolution through the Polish

---

[1] Stygar claims that the Lingaro Entities include the following entities registered and existing as limited liability companies in Poland: Lingaro Sp. z o.o.; Lingaro Group Sp. z o.o.; Lingaro eCommerce Sp. z o.o.; and Lingaro Services Sp. z o.o. (Doc. 1 at 2).

Proceedings. (*Id.* at 7). Stygar maintains that he is entitled to review the Lingaro Entities' documents and records as a shareholder, but when he attempted inspections on August 6 and August 8, 2014, the management board of the Lingaro Entities objected. (*Id.* at 8). Stygar represents that Kaczor and Rogucki are in possession of evidence that is relevant to the Polish Proceedings, such as correspondence and commercial agreements and testimony. (*Id.* at 9). Stygar further represents that Kaczor and Rogucki are "found in" the Southern District of Ohio because they occasionally travel to Cincinnati for work. (*Id.* at 10). Specifically, Stygar asserts that it is believed that Kaczor can be found within this District until August 22, 2014. (*Id.* at 1).[2] Stygar therefore filed the instant application seeking leave to serve subpoenas *duces tecum* and *ad testificandum* on Kaczor and Rogucki pursuant to Section 1782. The proposed subpoenas command Kaczor and Rogucki to appear at depositions in Cincinnati, Ohio on September 9, 2014, and to produce various documents at that time. (*Id.*, Ex. A, Proposed Subpoenas). The representations stated above are supported by affidavits from various Polish attorneys representing Stygar in the Polish Proceedings.[3] *See* Doc. 1, Exhs. B, C, D, F.

**II. Legal Standard**

Section 1782 provides in relevant part, "The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal...." 28 U.S.C. § 1782(a). A district court may grant an application pursuant to Section 1782 when: (1) the person from whom the discovery is sought "resides or is found" within the district; (2) the discovery is

---

[2] Stygar asserts that the instant application should be reviewed on an "emergency" basis given Kaczor's anticipated August 22, 2014 departure. (Doc. 1 at 1). Giving Stygar the benefit of the doubt, the Court has issued the instant order post haste.

[3] The Court notes that while Mr. Andrezej Mikosz attests that Kaczor and Rogucki are "found" within this District because they travel to Cincinnati, Ohio from time to time for business, there is no evidentiary support for Stygar's representation that Kaczor is currently in the District. *See* Doc. 1, Ex. F, ¶ 6. Moreover, aside from the vague statement that Rogucki travels to Cincinnati, Ohio from time to time for business, there is no representation or evidence in the record at all as to when Rogucki may be found in the District.

2

"for use in a foreign or international tribunal"; and (3) the application is made by a foreign or international tribunal or an "interested person" in the foreign proceeding. *See Intel Corp. v. Advanced Micro Devices Inc.*, 542 U.S. 241, 264 (2004). "[A]n ex parte application is an acceptable method for seeking discovery pursuant to 28 U.S.C. § 1782." *In re Application of Ontario Principals' Council*, No. 14-mc-50, 2014 WL 3845082, at *2 (D. Ariz. Aug. 1, 2014) (citing *In re Letters Rogatory from Tokyo Dist., Tokyo, Japan*, 539 F.2d 1216, 1219 (9th Cir. 1976)).

District Courts have wide discretion to grant or deny Section 1782 applications. *See Lazaridis v. Int'l Ctr. for Missing & Exploited Children*, 473 F. App'x 2, 4 (D.C. Cir. 2012); *In re Esses*, 101 F.3d 873, 876 (2d Cir. 1996) ("Section 1782 grants district courts wide discretion to determine whether to grant discovery and equally wide discretion to tailor such discovery to avoid attendant problems.") Indeed, "a district court is not required to grant a § 1782(a) discovery application simply because it has the authority to do so." *Intel Corp.*, 542 U.S. at 264. The Supreme Court has provided a non-exhaustive list of factors that a district court should consider in assessing a Section 1782 application: (1) whether the person from whom discovery is sought is a participant in the foreign proceeding such that the discovery sought is within the foreign tribunal's jurisdictional reach and thus accessible absent Section 1782 aid; (2) the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court jurisdictional assistance; (3) whether the Section 1782 request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States; and (4) whether the subpoena contains unduly intrusive or burdensome requests. *Id.* at 264-65. In addition, "district courts must exercise their discretion under Section 1782 in light of the twin

aims of the statute: 'providing efficient means of assistance to participants in international litigation in our federal courts and encouraging foreign countries by example to provide similar means of assistance to our courts.'" *In re Application of Chevron Corp.*, 709 F. Supp.2d 283, 290 (S.D.N.Y. 2010) (quoting *Schmitz v. Bernstein Liebhard & Lifshitz, LLP.*, 376 F.3d 79, 84 (2d Cir. 2004)). *See also Intel Corp.*, 542 U.S. at 252.

III. Analysis

    A. **The Statutory Factors**

Stygar's application must be denied because it does meet the statutory requirements of 28 U.S.C. § 1782. The Court finds that the application meets two of the three criteria: the discovery sought is for use in the Polish Proceedings, *i.e.*, a foreign tribunal, and the application was made by a party to those proceedings, *i.e.*, an "interested person." *See Intel Corp.*, 542 U.S. at 264. However, Stygar has not put forth evidence showing that Kaczor or Rogucki are "found in" this district for purposes of Section 1782(a).

As noted above, Stygar's representation that both individuals travel to Cincinnati, Ohio for business from "time to time" is supported by affidavit evidence from one of his Polish attorneys. *See* Doc. 1, Ex. F, ¶ 6. The mere fact that a person occasionally travels to this District does not establish that they may be "found" here for Section 1782 purposes. While the application states that "[i]t is believed that Kaczor can be found within this [D]istrict [until] August 22, 2014[,]" Doc. 1 at 1, there is nothing in the record from which the Court can conclude that this "belief" (from an unidentified source) has any basis in fact. Moreover, there is no similar representation regarding Rogucki being currently present in this District. In the absence of any evidence indicating that Kaczor and Rogucki, the persons from whom Stygar seeks discovery, can be "found" in the District, Stygar has failed to make the requisite *prima*

*facie* showing of residency for Section 1782 purposes.[4] *See In re Application of Thai-Lao Lignite (Thailand) Co., Ltd.*, 821 F. Supp.2d 289 (D.D.C. 2011) (dismissing Section 1782 application where applicant failed to provide a basis for assertions that the entity from whom the discovery was sought had "systematic and continuous contacts" in the district). *Cf. In re Edelman*, 295 F.3d 171, 180 (2d Cir. 2002) (holding that district court erred in quashing subpoena and holding that for purposes of Section 1782 a person is "found" in the district if they are "served with a subpoena while physically present in the district of the court that issued the discovery order. . . .").[5]

Assuming, *arguendo*, that Kaczor and Rogucki can be considered "found" in the Southern District of Ohio within the meaning of Section 1782(a), they cannot be compelled to appear for deposition or produce documents under Fed. R. Civ. P. 45(c). A subpoena under Rule 45 can command a person to attend a deposition:

> (A) within 100 miles of where the person resides, is employed, or *regularly* transacts business in person; or
> (B) within the state where the person resides, is employed, or *regularly* transacts business in person, if the person
>> (i) is a party or a party's officer; or
>> (ii) is commanded to attend a trial and would not incur substantial expense.

---

[4] Notably, every case cited by Stygar in his memorandum in support of the Section 1782 application involved situations where the person or entity from whom the discovery was sought resided in the district where the applications were filed. In contrast, Kaczor and Rogucki are residents and citizens of Poland, and not the United States. *See* Doc. 1 at 1, 4.

[5] *In re Edelman* involved a Section 1782 application to serve subpoenas on individuals and entities residing or found in the Southern District of New York for purposes of obtaining discovery for pending litigation in France. *In re Edelman*, 295 F.3d at 174. The order "included a blanket authorization for the issuance of subpoenas for deposition testimony to any 'additional individuals and entities with knowledge and information.'" *Id.* A subpoena was served on the respondent - a French citizen and resident during a trip to New York City. *Id.* The respondent filed a motion to quash the subpoena, asserting the words "*is found*" in Section 1782 "mean that a prospective deponent must be in the district at the precise time when the district court issues the discovery order." *Id.* at 177. The Second Circuit Court of Appeals disagreed with the respondent's statutory interpretation and found that because the respondent had been personally served in the district, he was "found" within it for purposes of Section 1782. *Id.* at 180. The instant matter is distinguishable because there is no evidence that either Kaczor or Rogucki has been personally served with a subpoena.

Fed. R. Civ. P. 45(c)(1) (emphasis added). Likewise, a subpoena may command the production of documents "within 100 miles of where the person resides, is employed, or regularly transacts business in person." Fed. R. Civ. P. 45(c)(2). Stygar has not shown that either Kaczor or Rogucki resides, is employed, or "regularly transacts business in person" in the Southern District of Ohio. The only evidence of any ties to this District is the affidavit of Mr. Mikosz who avers that Kaczor and Rogucki "travel to Cincinnati, Ohio, *from time to time* for business. . . ." (Doc. 1, Ex. F, ¶ 6) (emphasis added). Although the affidavit alleges that Kaczor and Rogucki travel to Cincinnati "since Procter & Gamble Inc. in Cincinnati, Ohio remains the biggest customer of the Lingaro Entities" (*id.*), there is no evidence that these individuals personally transact business on a regular basis within 100 miles of this District. *See* 28 U.S.C. § 1782(a) ("the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure."). *See M'Baye v. New Jersey Sports Production, Inc.*, 246 F.R.D. 205, 206-07 (S.D.N.Y. 2007) (citing cases) (infrequent visits are insufficient "to render a person amenable to a subpoena" under Rule 45's regularity requirement). Stygar's application is silent with respect to how often and for how long Kaczor and Rogucki travel to Cincinnati, Ohio. In the absence of any information showing they "regularly transact business" in the area and in consideration of their status as Polish residents, the undersigned finds that the proposed subpoenas do not comply with Fed. R. Civ. P. 45(c)(1).

Stygar's application is therefore denied for failure to meet the statutory requirements of Section 1782 and the dictates of Federal Rule of Civil Procedure 45.

### B. The Discretionary Factors

Even assuming that the application met Section 1782's statutory requirements, the

Court, in exercising its discretion, nevertheless denies the application. "In examining a party's request to conduct discovery for use in a foreign proceeding, courts have read into § 1782 a threshold requirement that the material sought be located in the United States." *In re Certain Funds, Accounts, &/or Inv. Vehicles Managed by Affiliates of Fortress Inv. Grp.*, No. 14-cv-1801, 2014 WL 3404955, at *4 (S.D.N.Y. July 9, 2014) (citing *In re Kreke Immobilien KG*, No. 13-mc-110, 2013 WL 5966916, at *4 (S.D.N.Y. Nov. 8, 2013)). "[F]or purposes of § 1782(a), witnesses cannot be compelled to produce documents located outside of the United States." *In re Godfrey*, 526 F. Supp.2d 417, 423 (S.D.N.Y. 2007). The legislative history of Section 1782 establishes that it "was intended to aid in obtaining oral and documentary evidence in the United States . . . and was not intended to provide discovery of evidence maintain[ed] within a foreign district." *Id.* (internal quotations and citations omitted).

The record before the Court establishes that the documents sought by Stygar are found in Poland, not the United States. Counsel for Stygar attests that he and Stygar attempted to obtain the sought after documents from the Lingaro Entities during inspections of the Polish companies on August 6 and August 8, 2014. *See* Doc. 1, Ex. D, ¶¶ 5-7. Stygar represents that these inspections were not satisfactory because the Lingaro Entities raised objections; Stygar does not claim that the records were not held by the Lingaro Entities at their Polish offices. *See* Doc. 1 at 8. There is nothing in the record to suggest that the documents sought by Stygar are located in the United States. Because the record reflects that the documents sought by Stygar are held by the Lingaro Entities in Poland, the Court finds in its discretion that the application should be denied in consideration of the legislative intent of Section 1782. *See In re Application of Thai-Lao Lignite (Thailand) Co., Ltd.*, 821 F. Supp.2d at 297-98 (where documents were not located

in the United States but in France, where the foreign litigation was pending, "the location of the information militate[d] against granting the [application].").

Consideration of the specific *Intel* factors leads to the same conclusion. The first factor is whether Kaczor and Rogucki are "participant[s] in the foreign proceeding." *Intel*, 542 U.S. at 264. If they are, then "the need for § 1782(a) aid generally is not as apparent as it ordinarily is when evidence is sought from a nonparticipant in the matter arising abroad" because "[a] foreign tribunal has jurisdiction over those appearing before it, and can itself order them to produce evidence." *Id.* (citations omitted). By contrast, "nonparticipants in the foreign proceeding may be outside the foreign tribunal's jurisdiction reach; hence, their evidence, available in the United States, may be unobtainable absent § 1782(a) aid." *Id.* (citation omitted). The Lingaro Entities are the named defendants in the various Polish Proceedings. Stygar has put forth evidence showing that Kaczor and Rogucki, along with Stygar, hold approximately 2/3 of the shares of the Lingaro Entities. *See* Doc. 1, Ex. F, ¶ 6. Further, Stygar represents that Kaczor and Rogucki are insiders and managing board members in the Lingaro Entities. *See* Doc. 1 at 3, 5. Given their relationship with and considerable interest in the Lingaro Entities, the Court finds that Kaczor and Rogucki will necessarily be "participants" in the Polish Proceedings. Accordingly, Stygar should be able to obtain the discovery he seeks from the courts in Poland.

The second factor – "the nature of the foreign tribunal, the characters of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance," – weighs in favor of granting the application. There is nothing in the record before the Court to suggest that Poland or Polish courts would not be receptive to the assistance sought here. There is no requirement that Stygar present evidence showing that the Polish courts have reciprocal procedures available or that the discovery sought

would be admissible. *See, e.g., John Deere Ltd. v. Sperry Corp.*, 754 F.2d 132, 133 (3d Cir. 1985). Stygar has made a preliminary showing, based on affidavits of his Polish attorneys, that the discovery sought would be discoverable under the applicable Polish procedural rules. *See* Doc. 1, Ex. F, ¶¶ 7-9. Accordingly, the second factor weighs in favor of granting the application.

In contrast, the third factor – whether the Section 1782 request conceals an attempt to circumvent Polish proof-gathering restrictions – is not so clear. Generally, Section 1782 applications are filed by residents of foreign countries seeking discovery from citizens or residents of the United States because the foreign tribunals lack jurisdiction to compel production of the requested discovery. Here, all parties involved are Polish residents and citizens, and the judicial proceedings are pending before Polish courts. It is entirely unclear why Stygar seeks to obtain the requested discovery across international waters when he presumably could do so through the Polish Proceedings. Stygar's application does not reflect that he has requested any of the discovery he seeks through the Polish courts nor does he contend that those courts would not be able to grant him the relief requested. Indeed, Stygar's memorandum in support of his application provides that the evidence requested here is discoverable under Poland's procedural rules. *See* Doc. 1-2 at 16-17. Stygar's failure to provide a reasonable explanation for his decision to seek assistance from a United States federal court to get discovery that is held in Poland by Polish residents and citizens, raises the specter of abusive litigation tactics. *See Norex Petroleum Ltd. v. Chubb Ins. Co. of Canada*, 384 F. Supp.2d 45, 54 (D.D.C. 2005) ("The Court is wary of granting discovery under § 1782 when it appears that the party seeking discovery may be using the United States statutes and federal court system to 'jump the gun' on discovery in the underlying foreign suit."). Accordingly, the Court, in its discretion, finds that the third *Intel* factor weighs against granting the application.

The fourth factor – whether the requests are unduly intrusive or burdensome – likewise weighs against granting the application. The proposed subpoenas seek to command Kaczor and Rogucki to appear at depositions in Cincinnati, Ohio on September 9, 2014. However, Stygar's application reflects that Kaczor will not be in Cincinnati, Ohio after August 22, 2014, presumably because Kaczor will be returning to Poland, where he lives. There is also no indication whatsoever that Rogucki has any plans to be in Cincinnati, Ohio on the proposed deposition date. Commanding foreign citizens to travel internationally to attend a deposition is inherently burdensome; further, it is prohibited under Federal Rule of Civil Procedure 45(c) as discussed *supra*. As there is no evidence establishing that either Kaczor or Rogucki will be present in Cincinnati, Ohio on September 9, 2014, the proposed subpoenas are unduly burdensome and the fourth *Intel* factor weighs against granting the instant application.

For the above reasons, the application for subpoenas pursuant to 28 U.S.C. § 1782 (Doc. 1) is **DENIED**.

**IT IS SO ORDERED.**

Date: 8/21/14

Karen L. Litkovitz
United States Magistrate Judge